Houman Backzadeh **MOGHADDAM**, Plaintiff—Appellant,

v.

W. **SEIFERT,** Warden, in his official capacity; et al., Defendants— Appellees.

No. 04–55842.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 23, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Houman Backzadeh Moghaddam, Hollywood, CA, pro se.

Frank M. Travieso, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM **

Houman Backzadeh Moghaddam appeals pro se the district court's summary judgment for defendants in his civil rights action alleging that he was unlawfully denied telephone privileges during his pretrial detention at the Metropolitan Detention Center in Los Angeles ("MDCLA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003), and we affirm.

The district court properly granted summary judgment on Moghaddam's due process claim arising from the six-month suspension of his telephone privileges because he failed to raise a genuine issue of material fact as to whether this sanction violated his constitutional rights. *See Valdez v.*

** This disposition is not appropriate for publication and may not be cited to or by the

*Rosenbaum*, 302 F.3d 1039, 1047 (9th Cir. 2002) (there is no state-created liberty interest in phone privileges where the state statute specifically mandates discretionary limitations on those privileges).

The district court also properly granted summary judgment to defendants on Moghaddam's equal protection claim arising from the MDCLA's policy limiting phone use to 300 minutes per-month because he failed to raise a genuine issue of material fact as to whether officials acted with intent to discriminate against him on the basis of his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order).

We decline to consider issues on appeal that were not specifically and distinctly argued in appellant's opening brief. *See Jones v. Wood*, 207 F.3d 557, 562 n. 2 (9th Cir.2000).

Moghaddam's motion to file a late reply brief is granted. The clerk shall file the brief received on January 10, 2005.

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.